UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FIFTH THIRD BANK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL SCHEIBLI and INDERJIT GREWAL,<br><br>　　　　　Defendants. | CIV. NO. 2:12-427 WBS AC<br><br>MEMORANDUM AND ORDER RE: MOTION FOR ASSIGNMENT ORDER |

----oo0oo----

On February 8, 2013, the court entered judgment in this action pursuant to a settlement agreement between plaintiff Fifth Third Bank and defendants Inderjit Grewal and Michael Scheibli. Plaintiff now moves for an order assigning it the right to collect payments due to Scheibli in order to satisfy the judgment.

I.   Factual and Procedural History

Plaintiff brought this action to recover a $500,000 deposit held in escrow by defendants in connection with a failed

1

1  real estate transaction.  (<u>See</u> Docket No. 1.)  The parties

2  reached a settlement whereby plaintiff agreed to accept $175,000

3  on a negotiated payment schedule--or $350,000 if defendants

4  failed to comply with that schedule--in satisfaction of its

5  claims against defendants.  (Docket No. 29.)  The court

6  memorialized this settlement in an Agreed Final Judgment entered

7  on February 8, 2013.  (<u>Id.</u>)

8       Prior to the entry of judgment, defendants paid $25,000

9  to plaintiff in partial satisfaction of the judgment.  (Moul

10  Decl. ¶ 4 (Docket No. 32).)  Since the court entered judgment,

11  however, plaintiff alleges that defendants have not made any

12  payments.  (<u>Id.</u> ¶ 5.)  According to plaintiff, the total amount

13  owed on the judgment is now $325,665.40.  (<u>Id.</u> ¶ 6.)

14       Although Scheibli has not made any payments since

15  February 2013, plaintiff indicates that Scheibli is an attorney

16  and has the resources to pay the judgment debt.  (<u>See id.</u> ¶ 7.)

17  His client, Lori Stillie, divorced her husband, Greg Hawes, and

18  brought a dissolution action in Shasta County Superior Court.

19  (<u>Id.</u> ¶ 8; <u>id.</u> Ex. B.)  The court valued Stillie's share of the

20  couple's community property at $302,618, ordered Hawes to pay

21  $4,000 per month in child support, and awarded her $75,000 in

22  attorney's fees and costs.  (<u>Id.</u> Ex. B.)

23       Hawes then declared bankruptcy, and Stillie filed a

24  proof of claim in the bankruptcy court.  (<u>Id.</u>)  As part of his

25  Chapter 12 plan of adjustment, Hawes agreed to pay Stillie

26  $400,000 in satisfaction of the judgment in the dissolution

27  action.  (<u>Id.</u> Ex. A.)  Plaintiff anticipates that Scheibli will

28  collect up to $75,000 from Stillie, and moves for an order

1  assigning it the right to collect that payment in partial

2  satisfaction of its judgment against Scheibli.  (Docket No. 32.)

3  II.  Discussion

4       Federal Rule of Civil Procedure 69(a)(1) provides that

5  proceedings in aid of judgment or execution must comply with the

6  law of the state where the court is located.  Fed. R. Civ. P.

7  69(a)(1); Credit Suisse v. U.S. District Court, 130 F.3d 1342,

8  1344 (9th Cir. 1997).  Under California law, "the court may order

9  the judgment debtor to assign to the judgment creditor . . . all

10  or part of a right to payment due or to become due, whether or

11  not the right is conditioned on future developments . . . ."

12  Cal. Civ. Proc. Code § 708.510(a); Peterson v. Islamic Republic

13  of Iran, 627 F.3d 1117, 1130-31 (9th Cir. 2010).

14       In considering whether to issue an assignment order,

15  the court may take into account "all relevant factors," including

16  the reasonable requirements of the judgment debtor, other

17  payments the judgment debtor is required to make, the amount

18  remaining due on the money judgment, and the amount being

19  received, or to be received, in satisfaction of the right to

20  payment that may be assigned.  Cal. Civ. Proc. Code § 708.510(c);

21  Choice Hotels, Int'l, Inc. v. Dostel Corp., M.C. No. 2:11-45 WBS

22  GGH, 2013 WL 1324280, at *1 (E.D. Cal. Apr. 2, 2013).  While a

23  request for an assignment order does not demand "[d]etailed

24  evidentiary support," Choice Hotels, 2013 WL 1324280 at *1, a

25  judgment creditor must describe the source of the right to

26  payment with "some degree of concreteness."  Icho v.

27  PacketSwitch.com, Inc., Civ. No. 01-20858 LHK PSG, 2012 WL

28  4343834, at *2 (N.D. Cal. Sept. 21, 2012).

1       Here, plaintiff represents that defendants owe
2  $325,665.40 on the judgment including accrued interest and costs.
3  (Moul Decl. ¶ 6.)  Plaintiff also indicates he expects Stillie to
4  pay Scheibli for his services in connection with the dissolution
5  proceedings against Hawes.  (See id. ¶¶ 8-11.)  Although it is
6  not certain that Scheibli will receive the full $75,000 awarded
7  by the Shasta County Superior Court in attorney's fees and costs,
8  the source of the right to payment is nonetheless sufficiently
9  concrete to justify an assignment order.  See, e.g., Choice
10 Hotels, 2013 WL 1324280, at *2-3 (assigning plaintiff right to
11 collect proceeds generated through the use of defendant's real
12 estate license); Trs. of Screen Actors Guild-Producers Pension
13 Plan v. See You In September, LLC, Civ. No. 09-4230 AHM AJWx,
14 2010 WL 5245960, at *1 (C.D. Cal. Dec. 16, 2010) (assigning right
15 to collect proceeds from a specific film); Legal Additions LLC v.
16 Kowalski, Civ. No. 08-2754 WMC, 2011 WL 3156724, at *4 (N.D. Cal.
17 July 26, 2011) (assigning right to collect proceeds from a
18 specific book).

19       The factors set forth by section 705.810(c) also
20 suggest that an assignment order is appropriate.  Defendants are
21 $325,665.40 in arrears on the judgment and have not made any
22 payments since the court entered judgment.  (Moul Decl. ¶¶ 5-6.)
23 Scheibli has not alerted the court to other payments he is
24 required to make or provided any other reason an assignment order
25 is unwarranted.  Under similar circumstances involving a judgment
26 debtor's failure to satisfy a judgment debt, many federal courts
27 have held that an assignment order is appropriate.  See, e.g.,
28 Choice Hotels, 2013 WL 1324280, at *2; AmeriPride Servs., Inc. v.

4

1  Valley Indus. Serv., Inc., Civ. No. 2:00-113 LKK JFM, 2012 WL
2  3913081, at *5 (Sept. 7, 2012); UMG Recordings, Inc. v. BCD Music
3  Grp., Inc., Civ. No. 07-5808 SJO FFMx, 2009 WL 2213678, at *3
4  (C.D. Cal. July 9, 2009).  Accordingly, the court will grant
5  plaintiff's motion for an assignment order.[1]

6       IT IS THEREFORE ORDERED that plaintiff's motion for an
7  assignment order be, and the same hereby is, GRANTED.

8       IT IS FURTHER ORDERED that:

9       (1) All payments due to defendant Michael Scheibli now
10  or in the future from his client Lori Stillie and any rights to
11  payment in connection with In re Greg Hawes, Case No. 12-33158
12  (E.D. Cal. B.R.) are HEREBY ASSIGNED to plaintiff Fifth Third
13  Bank to the extent necessary to satisfy the judgment in this
14  matter;

15       (2) Defendant Michael Scheibli is HEREBY ENJOINED from
16  assigning any payments from Lori Stillie or in connection with In
17  re Greg Hawes, Case No. 12-33158 to any other person or legal
18  entity until the judgment owed to plaintiff Fifth Third Bank is
19  satisfied; and

20       (3) The Clerk of the Court shall serve a copy of this
21  Order on Lori Stillie and provide notice of this Order to the
22  United States Bankruptcy Judge presiding over In re Greg Hawes,
23  Case No. 12-33158.

---

[1]  Scheibli indicated at oral argument that he believed an
assignment order was inappropriate because he has other
obligations to be paid out of the attorney's fee award in In re
Greg Hawes that will soon become due.  However, the court's
assignment of Scheibli's right to payment does not suggest that
Fifth Third Bank will enjoy priority over other, more senior
creditors who claim an interest in the attorney's fee award.

1    Dated:   August 26, 2014

2

3    WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28